1  Marc V. Kalagian
   Attorney at Law: 4460
2  Law Offices of Lawrence D. Rohlfing, Inc., CPC
   12631 East Imperial Highway Suite C-115
3  Santa Fe Springs, CA 90670
   Tel.: (562) 868-5886
4  Fax: (562) 868-8868
   E-mail: marc.kalagian@rksslaw.com
5
   Gerald M. Welt
6  Attorney at Law:  1575
   411 E. Bonneville Avenue, #410
7  Las Vegas, NV 89101
   Tel.: (702) 382-2030
8  Fax: (702) 684-5157
   E-mail:  gmwesq@weltlaw.com; kwp@weltlaw.com
9
   Attorneys for Plaintiff
10 Francisco M. Velez Agullo

11                    UNITED STATES DISTRICT COURT

12                        DISTRICT OF NEVADA

13

14
   FRANCISCO M. VELEZ AGULLO,       )  Case No.: 2:22-cv-00557-DJA
15                                   )
                  Plaintiff,         )  STIPULATION AND PROPOSED
16                                   )  ORDER FOR THE AWARD AND
        vs.                          )  PAYMENT OF ATTORNEY FEES
17                                   )  AND EXPENSES PURSUANT TO
   KILOLO KIJAKAZI,                  )  THE EQUAL ACCESS TO JUSTICE
18 Acting Commissioner of Social     )  ACT, 28 U.S.C. § 2412(d) AND
   Security,                         )  COSTS PURSUANT TO 28 U.S.C. §
19                                   )  1920
                  Defendant.         )
20 _____  )

21

22         TO THE HONORABLE DANIEL J. ALBREGTS, MAGISTRATE JUDGE

23 OF THE DISTRICT COURT:

24         IT IS HEREBY STIPULATED, by and between the parties through their

25 undersigned counsel, subject to the approval of the Court, that Francisco M. Velez

26 Agullo be awarded attorney fees in the amount of NINE HUNDRED SEVENTY-

                                    -1-

1    FIVE dollars ($975.00) under the Equal Access to Justice Act (EAJA), 28 U.S.C. §

2    2412(d), and costs in the amount of FOUR HUNDRED-TWO dollars ($402.00)

3    under 28 U.S.C. § 1920.  This amount represents compensation for all legal

4    services rendered on behalf of Plaintiff by counsel in connection with this civil

5    action, in accordance with 28 U.S.C. §§ 1920; 2412(d).

6        After the Court issues an order for EAJA fees to Francisco M. Velez

7    Agullo, the government will consider the matter of Francisco M. Velez Agullo's

8    assignment of EAJA fees to Marc Kalagian.  The retainer agreement containing the

9    assignment is attached as exhibit 1.  Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521,

10   2529 (2010), the ability to honor the assignment will depend on whether the fees

11   are subject to any offset allowed under the United States Department of the

12   Treasury's Offset Program.  After the order for EAJA fees is entered, the

13   government will determine whether they are subject to any offset.

14    Fees shall be made payable to Francisco M. Velez Agullo, but if the Department

15   of the Treasury determines that Francisco M. Velez Agullo does not owe a federal

16   debt, then the government shall cause the payment of fees, expenses and costs to

17   be made directly to Law Offices of Lawrence D. Rohlfing, Inc., CPC , pursuant to

18   the assignment executed by Francisco M. Velez Agullo.[1]  Any payments made

19   shall be delivered to Marc Kalagian.

20       This stipulation constitutes a compromise settlement of Francisco M. Velez

21   Agullo's request for EAJA attorney fees, and does not constitute an admission of

22   liability on the part of Defendant under the EAJA or otherwise.  Payment of the

23   agreed amount shall constitute a complete release from, and bar to, any and all

24

25   [1] The parties do not stipulate whether counsel for the plaintiff has a cognizable lien
     under federal law against the recovery of EAJA fees that survives the Treasury
26   Offset Program.

1    claims that Francisco M. Velez Agullo and/or Marc Kalagian including Law

2    Offices of Lawrence D. Rohlfing, Inc., CPC may have relating to EAJA attorney

3    fees in connection with this action.

4         This award is without prejudice to the rights of Marc Kalagian and/or the

5    Law Offices of Lawrence D. Rohlfing, Inc., CPC to seek Social Security Act

6    attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of

7    the EAJA.

8    DATE: July 11, 2022        Respectfully submitted,

9                               LAW OFFICES OF LAWRENCE D. ROHLFING, INC., CPC

10

11                        /s/ Marc V. Kalagian
                     BY:_____

12                        Marc V. Kalagian
                          Attorney for plaintiff
13                        FRANCISCO M. VELEZ AGULLO

14   DATE:July 11, 2022        JASON M. FRIERSON
                               United States Attorney
15

16                        /s/ Allison J. Cheung

17                        _____
                          ALLISON J. CHEUNG
18                        Special Assistant United States Attorney
                          Attorneys for Defendant
19                        KILOLO KIJAKAZI, Acting Commissioner of
                          Social Security (Per e-mail authorization)
20

21

22                             **ORDER**

23        Approved and so ordered:

24   DATE: 7/14/2022

25                        _____
                          THE HONORABLE DANIEL J. ALBREGTS
26                        UNITED STATES MAGISTRATE JUDGE

1
# PROOF OF SERVICE

2
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3
I am employed in the county of Los Angeles, State of California.  I am over

4
the age of 18 and not a party to the within action.  My business address is 12631

5
East Imperial Highway, Suite C-115, Santa Fe Springs, California  90670.

6
On this day of July 12, 2022, I served the foregoing document described as

7
STIPULATION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES

8
AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT,

9
28 U.S.C. § 2412(d) AND COSTS PURSUANT TO 28 U.S.C. § 1920 on the

10
interested parties in this action by placing a true copy thereof enclosed in a sealed

11
envelope addressed as follows:

12
Mr. Francisco M. Velez Agullo
17 Alamere Falls Drive
13
Las Vegas, NV 89138

14
I caused such envelope with postage thereon fully prepaid to be placed in the

15
United States mail at Santa Fe Springs, California.

16
I declare under penalty of perjury under the laws of the State of California

17
that the above is true and correct.

18
I declare that I am employed in the office of a member of this court at whose

19
direction the service was made.

20
Marc V. Kalagian  ____          /s/ Marc V. Kalagian_____
21
TYPE OR PRINT NAME                              SIGNATURE

22

23

24

25

26

**CERTIFICATE OF SERVICE**
**FOR CASE NUMBER 2:22-CV-00557-DJA**

I hereby certify that I electronically filed the foregoing with the Clerk of the

Court for this court by using the CM/ECF system on July 12, 2022.

I certify that all participants in the case are registered CM/ECF users and

that service will be accomplished by the CM/ECF system, except the plaintiff

served herewith by mail.

/s/ *Marc V. Kalagian*

_____

Marc V. Kalagian
Attorneys for Plaintiff

APR 0 6 2022

# SOCIAL SECURITY REPRESENTATION AGREEMENT

This agreement was made on March 21, 2022, by and between the Law Offices of Lawrence D. Rohlfing, Inc., CPC referred to as attorney and **Mr. Francisco M. Velez Agullo**, S.S.N. **0920**, herein referred to as Claimant.

1. Claimant employs and appoints Law Offices of Lawrence D. Rohlfing, Inc., CPC to represent Claimant as Mr. Francisco M. Velez Agullo's Attorneys at law in a Social Security claim regarding a claim for disability benefits and empowers Attorney to take such action as may be advisable in the judgment of Attorney, including the taking of judicial review.

2. In consideration of the services to be performed by the Attorney and it being the desire of the Claimant to compensate Attorney out of the proceeds shall receive **25% of the past due benefits** awarded by the Social Security Administration to the claimant or **such amount as the Commissioner may designate under 42 U.S.C. § 406(a)(2)(A) which is currently $6,000.00**, whichever is smaller, upon successful completion of the case **at or before a first hearing decision from an ALJ**. If the Claimant and the Attorney are unsuccessful in obtaining a recovery, Attorney will receive no fee. This matter is subject expedited fee approval except as stated in ¶3.

3. The provisions of ¶ 2 only apply to dispositions at or before a first hearing decision from an ALJ. The fee for successful prosecution of this matter is **25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the Social Security Administration.** Attorney shall petition for authorization to charge this fee in compliance with the Social Security Act for all time whether exclusively or not committed to such representation.

4. If this matter requires judicial review of any adverse decision of the Social Security Administration, the fee for successful prosecution of this matter is **a separate 25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the court.** Attorney shall seek compensation under the Equal Access to Justice Act and such amount shall credit to the client for fees otherwise payable for that particular work. Client shall endorse such documents as are needed to pay Attorney any amounts under the EAJA and assigns such fee awards to Attorney.

5. Claimant shall pay all costs, including, but not limited to costs for medical reports, filing fees, and consultations and examinations by experts, in connection with the cause of action.

6. Attorney shall be entitled to a reasonable fee; notwithstanding the Claimant may discharge or obtain the substitution of attorneys before Attorney has completed the services for which he is hereby employed.

7. Attorney has made no warranties as to the successful termination of the cause of action, and all expressions made by Attorney relative thereto are matters of Attorney's opinion only.

8. This Agreement comprises the entire contract between Attorney and Claimant. The laws of the State of California shall govern the construction and interpretation of this Agreement except that federal law governs the approval of fees by the Commissioner or a federal court. Business and Professions Code § 6147(a)(4) states "that the fee is not set by law but is negotiable between attorney and client."

9. Attorney agrees to perform all the services herein mentioned for the compensation provided above.

10. Client authorizes attorney to pay out of attorney fees and without cost to client any and all referral or association fees to Michael P. Kalish, not to exceed 25% of fees.

11. The receipt from Claimant of ___none___ is hereby acknowledged by attorney to be placed in trust and used for costs.

It is so agreed.

_____
Mr. Francisco M. Velez Agullo

_Marc V. Kalagian_
_____
Law Offices of Lawrence D. Rohlfing, Inc., CPC
Marc V. Kalagian